UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

Presentment Date:  March 9, 2026
Presentment Time:  4:00 p.m.

-------------------------------------------------------- x

In re                                                    :

                                                         :    Chapter 11

MSLH, LLC,                                               :

                                                         :    Case No. 26-40002 (ESS)

                                Debtor.                  :

                                                         :

                                                         :

-------------------------------------------------------- x

### OBJECTION OF THE UNITED STATES TRUSTEE TO THE DEBTOR'S APPLICATION TO EMPLOY LAW OFFICES OF CHARLES WERTMAN P.C. <u>AS COUNSEL TO THE DEBTOR</u>

TO: THE HONORABLE ELIZABETH S. STONG,
    UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, as the United States Trustee for Region 2 (the "United States Trustee"), by and through his undersigned counsel, hereby submits this objection (the "Objection") to the application (the "Application") of MSLH, LLC (the "Debtor") to retain the Law Offices of Charles Wertman P.C. (the "Wertman Firm") as counsel to the Debtor.  *See* ECF Doc. No. 16.  In support of the Objection, the United States Trustee respectfully represents and alleges as follows:

## I.    INTRODUCTION

The United States Trustee objects to the Application for several reasons.  First, the Debtor and the Wertman Firm have failed to provide adequate disclosures regarding a third-party individual who paid the Wertman Firm's retainer for its services to the Debtor in this case (and expects to provide future fee payments to the Wertman Firm).  Although it has been disclosed that neither this payor nor any entities he controls are creditors of the Debtor, it is not known whether the payor or any entities he may control (a) owe any money to the Debtor, (b) intend to provide the Debtor with financing, (c) intend to

purchase any of the Debtor's assets, or (d) have another financial relationship with the Debtor or its principals. Second, it appears that the conflict check undertaken by the Wertman Firm may not have included the payor of its retainer (or any entities he may own or control). Without this disclosure, the disinterestedness of the Wertman Firm cannot be adequately evaluated, and the Application must be denied.

## II.    FACTS

### A.    Background

On January 1, 2026 (the "Filing Date"), the Debtor, represented by the Wertman Firm, commenced this bankruptcy case by filing a voluntary chapter 11 bankruptcy petition. *See* ECF Doc. No. 1. To date, no trustees, examiners, or official committees have been appointed in the Debtor's chapter 11 case.

According to Schedule A/B, the Debtor has no cash, while its bank account funds aggregate $10. *See* Schedule A/B, ECF Doc. No. 1. According to the SOFA, the Debtor earns no income. *See* SOFA, questions 1 and 2, ECF Doc. No. 1.

According to the Debtor's affidavit pursuant to Local Bankruptcy Rule 1007-4 (the "Local Rule Affidavit"), the Debtor owns vacant real property located in Chambersburg, Pennsylvania (the "Property"). *See* ECF Doc. No. 11. According to the Local Rule Affidavit, the Debtor's goal is to "sell the [Property] as part of its restructuring plan through a court-supervised and robust sale process." *See id.* According to the Debtor's list of equity security holders, Abraham Bajnon (who signed the Debtor's bankruptcy petition) owns a 50% membership interest in the Debtor, while Chaya Bajnon also owns a 50% membership interest in the Debtor. *See* ECF Doc. No. 1.

In response to question 11 of the Statement of Financial Affairs (the "SOFA"), the Debtor disclosed that an individual named David Israeli ("Mr. Israeli") paid a $15,000

retainer to the Wertman Firm. *See* SOFA, question 11, ECF Doc. No. 1. In its Disclosure of Compensation of Attorney for Debtor form ("Form 2030"), the Wertman Firm stated that it had received a $15,000 retainer from Mr. Israeli and that it expects to receive future compensation in this case from him as well. *See* Form 2030, ECF Doc. No. 1. In the Form 2030, the Wertman Firm noted that a filing fee of $1,738 had also been paid. *Id.*

### B. The Application

With the Application, the Debtor seeks to retain the Wertman Firm as its bankruptcy counsel, effective as of the Filing Date. *See* ECF Doc. No. 16. The Application states that the Wertman Firm received a retainer "on behalf of the Debtor," in the amount $16,738, of which $1,738 represented the required filing fee (the "Retainer"). *See* Application, ¶ 7.

In describing its conflict check in connection with this engagement, the Wertman Firm noted that its conflict check included a review of its client list for connections to the Debtor and the Debtor's creditors. *See* Application, Declaration of Charles Wertman (the "Wertman Declaration"), ¶¶ 5-7. The Application does not disclose whether Mr. Israeli (or any entities he may own or control) were part of the Wertman Firm's conflict check.

In his own affidavit in support of the Application (the "Israeli Affidavit"), Mr. Israeli states that he waives any claims from the Debtor's estate that may arise as the result of him providing the Retainer to the Wertman Firm. *See* Application, Israeli Aff., ¶ 4. Mr. Israeli further states that "neither the [Wertman Firm] nor Charles Wertman have ever represented me, in my personal capacity, or any entity in which I may have an interest." *See* Application, Israeli Aff., ¶ 6. Mr. Israeli also notes that neither "I nor any of my entities are a creditor of the Debtor." *See* Application, Israeli Aff., ¶ 7. He also

states that he has no "interest adverse to the Debtor, its creditors, [and] its equity interest holders."  *See* Application, Israeli Aff., ¶ 2.

### III.    LEGAL STANDARDS

#### Disclosure and Disinterestedness

Under Section 327(a) of the Bankruptcy Code, a chapter 11 debtor may employ "one or more attorneys . . ., **that do not hold or represent an interest adverse to the estate, and that are disinterested persons**[.]"  11 U.S.C. § 327(a) (emphasis added). Disinterestedness is defined in 11 U.S.C. § 101(14) which provides in part that:

The term "disinterested person" means a person that --

(A) is not a creditor, an equity security holder, or an insider;
. . .
(C) does not have an interest materially adverse to the interest of the estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14).  The 'materially adverse' standard of Section 101(14) incorporated in the disinterestedness test and the 'interest adverse to the estate' language in section 327(a) overlap . . . and form a single test to judge conflicts of interest."  *In re Granite Partners,* 219 B.R. 22, 33 (Bankr. S.D.N.Y. 1998) (citations omitted).  The disinterestedness provision of Section 327(a) is mandatory and applies at the time of retention and throughout the case*.  Granite Partners*, 219 B.R. at 32-33.

Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides that any application seeking employment of counsel to a debtor-in-possession must "state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, *any proposed arrangement for compensation*, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any

other party in interest, their respective attorneys and accountants." *See* Fed. R. Bankr. P. 2014(a) (emphasis added). Similarly, Section 329(a) requires debtors' attorneys to file a statement with the Court regarding "the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the *source of such compensation*." *See* 11 U.S.C. § 329(a) (emphasis added).

Courts have interpreted these provisions as requiring the disclosure of the precise relationship between the non-debtor payor of a counsel's retainer and the Debtor and its proposed counsel. In the case of *Lar Dan Enterprises*, the Court held that acceptance of a retainer from a third-party payor by a counsel to a chapter 11 debtor-in-possession is only acceptable if disclosure is provided regarding, *inter alia*, "the factual and legal relationship among the third party payor/insider, the debtor, the respective attorneys, and their contractual arrangement concerning the fees." *In re Lar Dan Enters.*, 221 B.R. 93, 96 (Bankr. S.D.N.Y. 1998).

## IV. ARGUMENT

### A.    The Wertman Firm Failed to Disclose Comprehensively Its Retainer Payor's Relationship with the Debtor.

In this case, the disclosures provided by the Wertman Firm regarding the source of its retainer are inadequate. First, the Wertman Firm failed to disclose whether its conflict check in this matter included Mr. Israeli, the payor of its retainer (and apparently the source of future professional fees), or any entities owned or controlled by Mr. Israeli. Second, while Mr. Israeli himself disclosed that neither he (nor any entities he may own or control) are creditors of the Debtor and that he lacks interests adverse to the Debtor, he

failed to disclose other possible relationships with the Debtor and/or principals of the Debtor, including (a) any familial relationships, (b) any plans to bid on the Debtor's assets (the Debtor's goal in this case is to sell its real property), (c) any plans to provide financing to the Debtor, and (d) any debts that Mr. Israeli (or any entities he may own or control) may owe to the Debtor or its principals. The above disclosures are needed to avoid violating Bankruptcy Rule 2014(a). Without these disclosures, the disinterestedness of the Wertman Firm cannot be adequately evaluated.

Similarly, disclosures would need to be made by the Wertman Firm as to (i) whether the Debtor's estate or the Debtor's principals may have any claims against Mr. Israeli (or any entities he may own or control) and (ii) the propriety of the Wertman Firm accepting a retainer from Mr. Israeli. *See In re Granite Partners LP*, 219 B.R. 22, 44 (Bankr. S.D.N.Y. 1998) ("The trustee broke the cardinal principle of Rule 2014(a). He arrogated to himself a disclosure decision that the Court must make."); *see also* N.Y. Rules of Prof'l Conduct (22 N.Y.C.R.R. § 1200.0) Rule 1.8(f)(2) ("N.Y. Rules") (prohibiting representation where compensation was paid to the attorney by a non-client and where there is "interference with the lawyer's independent professional judgment or with the client-lawyer relationship.").

Disclosure of the information referred to above would allow the Court, the creditors, and the United States Trustee to evaluate whether the representation of the Debtor by the Wertman Firm would comply with the standards of Section 327. *See In re Parklex Assocs.*, 435 B.R. 195, 209 (Bankr. S.D.N.Y. 2010) (holding that the failure to disclose the source of a retainer payment is enough to deny a fee application). The Wertman Firm violates Bankruptcy Rules 2014 and 2016 by providing inadequate

disclosures about its conflict check in this matter, and its retainer payor's precise

relationship with the Debtor.  The Application, therefore, must be denied.

### V.    CONCLUSION

For the reasons set forth in this Objection, the United States Trustee requests that

the Court deny the Application and grant other relief as is just.

Dated:   New York, New York
          March 2, 2026

                                   WILLIAM K. HARRINGTON
                                   UNITED STATES TRUSTEE, REGION 2


                          By:  */s/ Nazar Khodorovsky*
                                   Nazar Khodorovsky
                                   Trial Attorney
                                   Alexander Hamilton Custom House
                                   One Bowling Green, Room 510
                                   New York, New York 10004
                                   Tel. No. (212) 206-2580

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

\--------------------------------------------------------  x

In re                                                   :

                                                        :        Chapter 11

MSLH, LLC,                                              :

                                                        :        Case No. 26-40002 (ESS)

                                                        :

                              Debtor.                   :

                                                        :

\--------------------------------------------------------  x

## AFFIRMATION OF SERVICE

Nazar Khodorovsky affirms under the penalty of perjury that the following is true and correct:

1.      I am a trial attorney with the Office of the United States Trustee for Region 2.

2.      On March 2, 2026, I caused true and correct copies of the *OBJECTION OF THE UNITED STATES TRUSTEE TO THE DEBTOR'S APPLICATION TO EMPLOY LAW OFFICES OF CHARLES WERTMAN P.C. AS COUNSEL TO THE DEBTOR* to be served by electronic mail upon (i) Charles Wertman, Esq., Law Offices of Charles Wertman P.C., proposed counsel to the Debtor; and (ii) Stinson LLP, counsel to Gable Holdings CM-1, LLC, attn: Murray Bruce Silverstein, Esq. and Jeffrey M. Schlerf, Esq.

                                        */s/ Nazar Khodorovsky*
                                         Nazar Khodorovsky