Hearing Date and Time:    **June 11, 2026 at 10:30 a.m.**
Objection Deadline:    **June 4, 2026**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**In re:**

**MSLH, LLC,**

                                          **Chapter 11**

        **Debtor.**                              **Case No. 26-40002 (ESS)**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that a hearing before the Honorable Elizabeth S. Stong, United States Bankruptcy Judge, United States Bankruptcy Court for the Eastern District of New York, 271-C Cadman Plaza East, Courtroom 3585, Brooklyn, New York 11201-1800 shall be held on **June 11, 2026 at 10:30 a.m.** on the motion filed by William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), seeking the entry of an order dismissing, or, alternatively, converting to chapter 7 the chapter 11 bankruptcy case of MSLH, LLC (the "Debtor") under 11 U.S.C. § 1112 (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must be in writing and filed with the Bankruptcy Court by June 4, 2026 (the "Objection Deadline") through the Court's electronic filing system. Instructions for electronically filing an objection can be found at www.nyeb.uscourts.gov. A copy of the objection must also be mailed, so as to be received by the Objection Deadline, to the United States Trustee, at the Alexander Hamilton Custom House, One Bowling Green, Suite 510, New York, New York 10004, to the attention of Nazar Khodorovsky, Esq., Trial Attorney.

-1-

**PLEASE TAKE FURTHER NOTICE** that the hearing shall be held by video or in person, as the Court deems appropriate. Those intending to appear at the hearing must register with eCourt Appearances no later than two days prior to the hearing. The phone number or video link for the hearing will be emailed to those that register with eCourt Appearances in advance of the hearing. Instructions for registering with eCourt Appearances can be found at https://www.nyeb.uscourts.gov/registering-remote-hearing-appearance-using-ecourt-appearances. If you do not have internet access or are otherwise unable to register with eCourt Appearances, you may call or email Judge Stong's courtroom deputy for instructions at (347) 394-1864, ESS_Hearings@nyeb.uscourts.gov

**PLEASE TAKE FURTHER NOTICE** that the hearing on the Motion may be adjourned without notice other than an announcement in open Court.

Dated: New York, New York
          April 17, 2026

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2

By:    */s/ Nazar Khodorovsky*
          Nazar Khodorovsky
          Trial Attorney
          One Bowling Green, Suite 510
          New York, New York 10004
          Tel. No. (212) 206-2580
          Fax No. (212) 668-2361

-2-

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re:

MSLH, LLC,

                                         **Chapter 11**

        **Debtor.**                      **Case No. 26-40002 (ESS)**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### UNITED STATES TRUSTEE'S MOTION FOR AN ORDER DISMISSING CHAPTER 11 CASE, OR, IN THE ALTERNATIVE, CONVERTING THE DEBTOR'S CHAPTER 11 CASE TO CHAPTER 7

TO:    THE HONORABLE ELIZABETH S. STONG,
        UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), in furtherance of the duties and responsibilities set forth in 28 U.S.C. § 586(a)(3) and (a)(5), does hereby move this Court for an order dismissing this chapter 11 case, or, in the alternative, converting it to a case under chapter 7, pursuant to 11 U.S.C. § 1112(b) (the "Motion").  In support thereof, the United States Trustee represents and alleges as follows:

### SUMMARY

There is cause to dismiss or convert this chapter 11 case under 11 U.S.C. § 1112(b)(4). Specifically, the debtor MSLH, LLC (the "Debtor") has failed to file with the Court its monthly operating reports for the months of January 2026 and February 2026 (collectively, the "Reports"), which constitutes cause to dismiss or convert under 11 U.S.C. § 1112(b)(4)(F).  The Court's order, signed on January 2, 2026 (the "Status Conference Order"), among other things, directed the Debtor to file monthly operating reports no later than by the 20th day of each month.  The Debtor's failure to comply with the Status Conference Order also constitutes cause to

1

dismiss or convert this case under Section 1112(b)(4)(E). Furthermore, the Debtor has (i) failed to pay its outstanding United States Trustee quarterly fees, in violation of Section 1112(b)(4)(K) and (ii) failed to provide proof of insurance to the United States Trustee in violation of Section 1112(b)(4)(C).

The Court should dismiss this case, because it is unlikely that the Debtor's estate has assets that a chapter 7 trustee would be able to administer successfully. Namely, in this real estate-related chapter 11 case, the Debtor's key asset, a piece of real property, does not earn income, appears to be in foreclosure, lacks insurance, and may be saddled with environmental violations.

## BACKGROUND

On January 1, 2026 (the "Filing Date"), the Debtor commenced this bankruptcy case by filing a voluntary petition under chapter 11 of the Bankruptcy Code. *See* ECF Doc. No. 1. The United States Trustee did not appoint an official committee of unsecured creditors in this chapter 11 case. *See* Declaration of Michelle Leary in Support of the Motion (the "Declaration"), ¶ 2.

According to the Debtor's Schedule A/B, the Debtor owns real property in Chambersburg, Pennsylvania that the Debtor values at $17 million (the "Property"). *See* Schedule A/B, ECF Doc. No. 1. The Debtor's personal property assets are valued at $10 and consist of bank account funds. *See id.* Several secured creditors have liens against the property, including a mortgage and two judgment liens, which aggregate over $7.78 million. *See* Schedule D, ECF Doc. No. 1. The Debtor has no priority unsecured creditors. *See* Schedule E/F, ECF Doc. No. 1. The Debtor's non-priority unsecured creditor claims total over $5.69 million. *See id.* According to Schedule H, the Debtor has no co-debtors. *See* Schedule H, ECF Doc. No. 1.

According to the Debtor's Statement of Financial Affairs (the "SOFA"), the Debtor does

not appear to earn any income.  *See* SOFA, questions 1 and 2, ECF Doc. No. 1.  The Property

appears to be in foreclosure.  *See* SOFA, question 7, ECF Doc. No. 1.

On January 2, 2026, the Court signed the Status Conference Order directing the Debtor

to:

> file with the Court, and serve upon the Office of the United States Trustee,
> monthly operating reports during the pendency of this case. . . and that the
> operating reports shall be served and filed on or before the 20th day of the month
> following the reporting period.

*See* ECF Doc. No. 3.

However, the Debtor has failed to file with the Court its monthly operating reports for the

months of January 2026, and February 2026.  *See* Decl., ¶ 3.  The Debtor owes $250 in estimated

quarterly fees, pursuant to 28 U.S.C. § 1930(a)(6), and any applicable interest thereon, pursuant

to 31 U.S.C. § 3717.  *See* Decl., ¶ 4.  Quarterly fees and applicable interest will continue to

accrue until the case is dismissed, converted, or closed by means of a final decree, whichever

happens earlier.  As to date, no proof of insurance regarding any of the Debtor's assets has been

provided to the United States Trustee.  *See* Decl., ¶ 5.  According to the Pennsylvania

Department of Environmental Protection, there are several environmental violations at the

Property.  *See* ECF Doc. No. 30.

## ARGUMENT

**A.      There is Cause to Dismiss or Convert this Chapter 11 Case Because the Debtor Has Failed to Comply with the Administrative Requirements of the Bankruptcy Code.**

Due to the Debtor's failure to file monthly operating reports, violations of court orders,

failure to provide proof of insurance, and failure to pay United States Trustee quarterly fees, the

United States Trustee finds material grounds for relief under 11 U.S.C. § 1112.[1]  28 U.S.C. §

586(a)(8).  These reasons also provide express cause for the dismissal or conversion of this

chapter 11 case under Section 1112(b)(4).  11 U.S.C. §§ 1112(b)(4) (C), (E), (F), (K).

Section 1112(b) of the Bankruptcy Code provides, in part, that, on request of a party in

interest, and after notice and a hearing,

> the Court <u>shall</u> convert a case under this chapter to a case under chapter 7 or
> dismiss a case under this chapter, whichever is in the best interests of
> creditors and the estate, for cause unless the court determines that the
> appointment under section 1104(a) of a trustee or an examiner is in the best
> interests of creditors and the estate.

11 U.S.C. § 1112(b)(1) (emphasis added) (as amended by the Bankruptcy Technical Corrections

Act of 2010, Pub. L. No. 111-327 (Dec. 22, 2010)).

Here, the following enumerated factors exist:

(a) failure to comply with court orders in violation of 11 U.S.C. § 1112(b)(4)(E); and

(b) failure to comply with periodic reporting requirements in violation of 11
U.S.C. § 1112(b)(4)(F); and

(c) failure to pay United States Trustee quarterly fees in violation of 11 U.S.C. §
1112(b)(4)(K); and

(d) failure to provide proof of insurance in violation of 11 U.S.C. §
1112(b)(4)(C).

11 U.S.C. § 1112(b)(4).

---

[1]  Under the BAPCPA, "in any case in which the United States trustee finds material grounds for relief under section 1112 [ ], the United States trustee shall apply promptly [for such] relief."  28 U.S.C. § 586(8).  *See also* 11 U.S.C. § 307 (providing that United States Trustee may raise and may appear and be heard on any issue in any case or proceeding under Title 11).

**Failure to File Monthly Operating Reports**

Under 11 U.S.C. § 704(a)(8), as made applicable through 11 U.S.C. §§ 1107(a) and 1106(a)(1), and Rule 2015(a) of the Federal Rules of Bankruptcy Procedure, chapter 11 debtors are required to file periodic financial reports during the case. "[T]imely and accurate financial disclosure is the lifeblood of the Chapter 11 process." *In re Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991) (failure to file operating reports constitutes cause for dismissal or conversion of chapter 11 proceeding); *In re Tornheim*, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995) (debtors' failure to file reports for ten months warranted conversion or dismissal). Thus, the failure to disclose timely and accurate financial information constitutes cause to dismiss or convert under Section 1112(b)(4)(F).

By failing to file any monthly operating reports for the months of January 2026 and February 2026, the Debtor has engaged in "an unexcused failure to satisfy timely any filing or reporting requirement," 11 U.S.C. § 1112(b)(4)(F). The Debtor's failure to fulfill this important fiduciary obligation denies all parties in interest, including creditors, the Court, and the United States Trustee, access to important information regarding the Debtor's financial affairs. For instance, the cash balance in the Debtor's estate, and the Debtor's administrative solvency are unknown.

**Failure to Comply with Court Orders**

Section 1112(b)(4)(E) provides that cause exists to dismiss or convert a chapter 11 case if a debtor "[fails] to comply with an order of the court." 11 U.S.C. § 1112(b)(4)(E). Here, the Debtor has violated the Status Conference Order, which directed that the Debtor file and serve monthly operating reports by the twentieth day of the month following the reporting period. *See*

ECF Doc. No. 3.  The Debtor failed to file any monthly operating reports for the months of January 2026 and February 2026.  Cause, therefore, exists to dismiss or convert this case pursuant to 11 U.S.C. § 1112(b)(4)(E).

**Failure to Pay United States Trustee Quarterly Fees**

There is cause to dismiss or convert this case because the Debtor has failed to pay statutory fees due to the United States Trustee, as required by 28 U.S.C. § 1930(a)(6).  *See* 11 U.S.C. § 1112(b)(4)(K).  The Debtor's liability for such fees and applicable interest is estimated at $250.  *See In re Ad-Brite Corp.*, 290 B.R. 209, 220 (Bankr. S.D.N.Y. 2003) (converting reorganization case to chapter 7 due to debtor's failure to pay statutory fees, among other reasons).

**Failure to Provide Proof of Insurance**

There is cause to dismiss or convert this matter due to the Debtor's failure to provide any proof of insurance to the United States Trustee. *See* 11 U.S.C. § 1112(b)(4)(C).  To date, the Debtor has failed to provide any evidence that the Property is insured.  *See* Decl., ¶ 5. Consequently, cause exists for the dismissal or conversion of this matter.

**B.**     **The Court Should Dismiss this Case.**

The United States Trustee respectfully requests that the Court dismiss this chapter 11 case rather than convert it to chapter 7.  Dismissal in this case is preferable to conversion because (i) the Property, the Debtor's key asset, does not appear to earn any income, (ii) there appear to be environmental violations at the Property, (iii) the Property is facing foreclosure, and (iv) no proof of insurance regarding the Property has been provided to the United States Trustee. Conversion of this case to chapter 7, therefore, is unlikely to lead to distributions to the Debtor's

6

unsecured creditors.  Dismissal is, therefore, preferable to conversion under these circumstances.

## C.     <u>Notice</u>

The United States Trustee will serve the Motion and the Declaration by first class mail upon the Debtor, and all other parties that filed a notice of appearance in the case.  Notice of the Motion will be sent to all creditors through the Bankruptcy Noticing Center. The United States Trustee respectfully requests that this be deemed good and sufficient notice of the Motion, and that no further notice is necessary or required.

**WHEREFORE,** the United States Trustee respectfully requests that the Court enter an order dismissing this chapter 11 case, pursuant to 11 U.S.C. § 1112(b), or, in the alternative, converting this chapter 11 case to chapter 7, and granting such other and further relief as may be deemed just and proper.

Dated: New York, New York
     April 17, 2026                WILLIAM K. HARRINGTON
                                UNITED STATES TRUSTEE, REGION 2

                        ***By:***     ***/s/ Nazar Khodorovsky***
                                Nazar Khodorovsky
                                Trial Attorney
                                Alexander Hamilton Custom House
                                One Bowling Green, Room 510
                                New York, NY 10004-1408
                                Tel. No. (212) 206-2580
                                Fax No. (212) 668-2361

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re:

**MSLH, LLC,**

                                               **Chapter 11**

                **Debtor.**                            **Case No. 26-40002 (ESS)**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### DECLARATION OF MICHELLE LEARY IN SUPPORT
### OF THE UNITED STATES TRUSTEE'S MOTION FOR AN ORDER
### DISMISSING CHAPTER 11 CASE, OR, IN THE ALTERNATIVE, CONVERTING THE
### DEBTOR'S CHAPTER 11 CASE TO CHAPTER 7

I am a Bankruptcy Auditor for the movant, William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"). Within his Office, I am responsible for monitoring this chapter 11 case captioned above on his behalf. I make this declaration based on personal knowledge, information and belief formed from records of the Office of the United States Trustee, kept in the ordinary course of its business, and my personal review earlier today of the docket of this case on the PACER information system. If called, I would testify to the following:

1.      On January 1, 2026 (the "Filing Date"), MSLH, LLC (the "Debtor") commenced this bankruptcy case by filing a voluntary petition under chapter 11 of the Bankruptcy Code.

2.      The United States Trustee did not appoint an official committee of unsecured creditors in the Debtor's case.

3.      The Debtor has failed to file with the Court its monthly operating reports for the months of January 2026 and February 2026.

4.      The Debtor owes $250 in estimated United States Trustee quarterly fees pursuant

to 28 U.S.C. § 1930, and any applicable interest thereon, pursuant to 31 U.S.C. § 3717.

5.    As to date, no proof of insurance regarding any of the Debtor's assets was provided by the Debtor to the United States Trustee.

I declare under penalty of perjury that the information contained in this Declaration is true and correct.

Dated: New York, New York
        April 16, 2026


                              */s/ Michelle Leary*
                              Michelle Leary